Submitted on the record January 16, accused censured February 14, 2008

Inquiry Concerning a Judge re:

# THE HONORABLE ROBERT WOLLHEIM,
*Accused.*

(CJFD No. 06-87; SC S055524)

178 P3d 224

Caroline Wilkins, Chair, Oregon Commission on Judicial Fitness and Disability, submitted the stipulation.

Before De Muniz, Chief Justice, and Gillette, Durham, Balmer and Walters, Justices.*

PER CURIAM

---

\* Kistler and Linder, JJ., did not participate in the consideration or decision of this case.

## PER CURIAM

This is a proceeding under ORS 1.420, ORS 1.430, and Article VII (Amended), section 8, of the Oregon Constitution, concerning the conduct of a judge of the Court of Appeals. ORS 1.420(1)(c) provides that the Commission on Judicial Fitness and Disability (Commission) "may allow the judge to execute a consent to censure, suspension or removal." Here, the accused, the Honorable Robert Wollheim, has executed a consent to censure and has stipulated that he engaged in conduct that violated Rule 1-101(B) of the Code of Judicial Conduct, which provides that "[a] judge shall not commit a criminal act."

The accused stipulated as follows:

"If a contested hearing was held in this matter, clear, cogent, and convincing evidence would be presented sufficient to establish the following facts:

"1.   The Accused is a judge on the Court of Appeals of the State of Oregon. He is also one of three judicial members of the Commission. The judge reported this matter to the Commission. The judge did not participate in the Commission's consideration of this matter.

"2.   On the morning of July 12, 2006, at approximately 8 a.m., the Accused drove his car southbound on Interstate 5 towards his chambers in Salem.

"3.   At that time and place, the Accused was under the influence of intoxicants, namely, hydrocodone, commonly known as Vicodin, and oxycodone, commonly known as OxyContin, controlled substances for which he had prescriptions because of back and leg pain.

"4.   Another motorist called the Oregon State Police to report that the Accused was driving erratically, that the right front corner of his vehicle may have bumped into the left rear of a semi-truck, and that the Accused did not stop.

"5.   Responding to the complaint, an Oregon state trooper followed the Accused's vehicle as it exited the freeway and proceeded southbound on Portland Road. While the trooper was following, the Accused's vehicle drifted into the northbound lane of travel.

"6.   The trooper stopped the Accused by activating his vehicle's overhead emergency lights.

"7.    During the stop, the Accused produced a vial containing several pills, including Vicodin and OxyContin. The Accused told the trooper that he had taken three pills that morning—either two Vicodin and one OxyContin, or vice versa. He also said that he had taken some other medications, including prednisone and naprosin.

"8.    The Accused's movements were slow, and his speech was slow and slurred. The right front corner of his vehicle was damaged.

"9.    The Accused submitted to a field sobriety test, after which the trooper arrested him on suspicion of driving while under the influence of intoxicants.

"10.    The trooper took the Accused to the police station, where he consented to a Breathalyzer test, which showed a zero percent blood alcohol level.

"11.    After the tests, the trooper issued the Accused a citation for driving under the influence of intoxicants.

"12.    The next day, the Accused was hospitalized with multiple symptoms. He was diagnosed with meningitis and spent several days in the hospital's intensive care unit before being discharged on July 19, 2006.

"13.    On August 4, 2006, the Accused pled guilty to driving under the influence of intoxicants, a class A misdemeanor. *See* ORS 813.010. The court accepted the judge's petition for leave to enter a diversion program. *See* ORS 813.200 et seq. The judge successfully completed that program. On August 9, 2007, the court entered an order dismissing the charge with prejudice. *See* ORS 813.250."

The accused admits that the above conduct violated Rule 1-101(B) of the Code of Judicial Conduct. The Commission and the accused agree that censure is the appropriate sanction.

Pursuant to ORS 1.430(2), the court has reviewed the stipulation of facts and the disciplinary action to which the accused has consented. The court approves the censure.

The accused is censured.